ORIGINAL

FILED

09/15/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0460

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0460

KIRK B. REISBECK,

Petitioner,

v.

MONTANA FIRST JUDICIAL DISTRICT
COURT, LEWIS & CLARK COUNTY and HON.
MIKE MENEHAN, DISTRICT COURT JUDGE,

Respondent.

FILED

SEP 1 5 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

This case involves claims by Kirk B. Reisbeck (Reisbeck) against Farmers Insurance Exchange (Farmers) in which Reisbeck asserts Famers contractually owes him UIM benefits and that Farmers has and continues to violate its continuing duty to act in good faith under the UTPA to conduct a reasonable investigation of his claims and attempt in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability has become reasonably clear. *See* § 33-18-201(4), (6), MCA. Trial is currently set for September 27, 2021.

Reisbeck brings a writ of supervisory control seeking an order to stay the trial date and further proceedings in the District Court and further seeking a ruling that the District Court is proceeding under a mistake of law by refusing to follow the mandate of *Lorang v. Fortis Insurance Company*, 2008 MT 252, 345 Mont. 12, 192 P.3d 186.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is

appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754. Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *See e.g., Buckles v. Mont. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (Aug. 24, 2016).

Here, Reisbeck asserts he is reluctant to request a stay of his long-awaited trial but asserts the District Court is proceeding under a mistake of law which prejudices the proceedings and places him at significant disadvantage in making his case. He asserts trial is anticipated to last 5 days with 36 witnesses identified, including 14 medical providers and expert witnesses, which will result in "substantial expense to both parties, the taxpayers, and a significant time commitment for the District Court."

M. R. App. P. 14(3), requires that to support issuance of a writ of supervisory control, urgency or emergency factors exist that make the normal appeal process inadequate. Reisbeck does not assert urgency or emergency, nor does he allege appeal is an inadequate remedy. Rather, Reisbeck asserts judicial economy type allegations in support of issuance of the writ to "avoid undue cost and delay to the parties."

As set forth above, supervisory control is an extraordinary remedy and its issuance requires urgency or emergency factors that make the normal appeal process inadequate; an assertion of desire to avoid cost and delay attendant in the normal appeal process does not meet this requirement. This Court has held that conserving resources, without more, is insufficient grounds to justify supervisory control where a party can seek review of the lower court's ruling on appeal and there is no evidence that relief on appeal would be inadequate. *Yellowstone Elec. Co. v. Mont. Seventh Judicial Dist. Court*, No. OP-19-0348, 397 Mont. 552, 449 P.3d 787 (Aug. 6, 2019). In this instance, Reisbeck has not demonstrated that remedy on appeal would be inadequate.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

2

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioners, all counsel of record in the First Judicial District Court, Lewis and Clark County, Cause No. ADV 2017-696, and the Honorable Mike Menehan, presiding Judge.

DATED this 15th day of September, 2021.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices

3